AGUSTÍN BERNAL TORRES, ETC., Plaintiff and Appellant, *v.* AMÉRICO TOLEDO CORREA, Defendant and Appellee.

No. 9332.    Argued November 14, 1946.—Decided November 18, 1946.

*Buenaventura Esteves* for appellant. *José Veray, Jr.,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an unlawful detainer suit brought by Agustín Bernal Torres to oust Américo Toledo Correa from a property consisting of 2,395 cuerdas of land, a schoolhouse, and a dwelling. The district court held that the evidence established a serious conflict on the question of title and that unlawful detainer was therefore not the proper remedy. The plaintiff appealed from the judgment in favor of the defendant.

The evidence of the plaintiff was that the property was registered in his name in 1931; that the property was adjudicated to the People of Puerto Rico in 1937 after public auction for failure to pay the taxes thereon from 1932 to 1936; that in 1941 the defendant paid $188.80 to the government to redeem the property; that in 1941 the defendant made an offer to the plaintiff to purchase the property for $400 which the latter refused as inadequate; that he had neglected the property for several years because he had been ill; that in 1945 he appointed his daughter as his attorney in fact, who then paid the taxes on the property for 1942–43, 1943–44, and 1944–45.

A witness to the negotiations between the plaintiff and defendant testified on behalf of the plaintiff that there was a "gentleman's agreement" for the sale of the property, but that no sale was made at the time; that it was agreed that as soon as the documents could be drawn the plaintiff would sell the property to the defendant for an amount that would be agreed upon; that $400 was not fixed as the sales price.

The defendant, on the other hand, testified that in 1941 he paid the back taxes pursuant to an oral agreement between himself and the plaintiff whereby the latter sold the property to the defendant for $400. The agreement, according to the

defendant, was that the defendant was to pay the $188.80 in unpaid taxes; that the parties would proceed with the necessary documentation for the sale; that, after payment of the $188.80, attorney's fees and for the documentation, if anything remained of the $400, the defendant would pay the remainder to the plaintiff; and that the defendant could go into immediate possession of the property and repair the house and schoolhouse.

The defendant took possession of the property, spent $350 or $400 in reconstructing the house which he found in an abandoned state, and has lived in the house since 1941. The defendant spent $500 in repairing the schoolhouse and has collected the rent therefor from the municipality until this litigation arose. The defendant testified that he has not paid the plaintiff the remainder of the $400 because he has never received the documentation therefor. The delay, according to him, has been caused by the fact that the attorney who was to prepare the deed found that a mortgage for $1,800 existed on the property which prevented the plaintiff during this period of time from conveying the property to the defendant free of encumbrances as he had agreed to do.

The plaintiff asserts that the district court erred in finding that a conflict as to title exists from this evidence. He relies on § 1232 of the Civil Code that contracts in which the consideration exceeds three hundred dollars must be reduced to writing. But the record contains not only the oral testimony of the defendant but other testimony and circumstances which raise a substantial issue as to whether the plaintiff and defendant had made a verbal agreement of sale of this property. The record therefore discloses a serious question as to title: if the testimony in favor of the defendant is believed, would he be entitled, pursuant to § 1231 of the Civil Code, 1930 ed., to compel the plaintiff to execute a deed in accordance with the terms of their verbal agreement? Cf. *Abarca* v. *Cordero,* 60 P.R.R. 507, 514. We are therefore unable to say, from the testimony of the defendant and all

the other circumstances of this case, that the district court erred in holding that there is a conflict as to title in this case within the meaning of our cases. See *Heirs of Pedroza* v. *Martínez,* 64 P.R.R. 5, and cases cited therein; *De Arrastia* v. *Quiles,* 65 P.R.R. 857. The issue between the parties must be resolved in a different proceeding.

The judgment of the district court will be affirmed.